UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WESLEY S. BATTEY JR., <br><br> Plaintiff, <br> v. <br> JASON SPURLING, et al., <br><br> Defendants. | Case No. 2:18-cv-01362-JAD-PAL <br><br> **ORDER** <br><br> (Receipt of Initiating Docs – ECF No. 1; <br> Mot. for Discovery – ECF No. 3) |

This matter is before the court on Plaintiff Wesley S. Battey Jr.'s failure to pay the standard filing fee or submit an application to proceed *in forma pauperis* ("IFP") in this case. Mr. Battey has also filed a Motion for Discovery (ECF No. 3). This motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

Mr. Battey is currently a detainee in the custody of the City of Las Vegas Detention Center based on his return address and inmate number.[1] He is proceeding in this action *pro se*, which means that he is not represented by an attorney. *See* LSR 2-1. He has submitted a complaint as part of his initiating documents (ECF No. 1), but he did not pay the $400 filing fee or submit an IFP application for incarcerated litigants with the appropriate supporting documentation. 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2.[2]

To proceed in a civil action without paying the standard filing fee, LSR 1-1 and 28 U.S.C. § 1915 provide that a prisoner must submit the court's form IFP application for incarcerated litigants. Additionally, LSR 1-2 and § 1915 specifically require three items be submitted to this

---

[1] An online search of public inmate records confirmed Plaintiff's status as a detainee. CITY OF LAS VEGAS, https://www.lasvegasnevada.gov/portal/faces/wcnav_externalId/ps-sch-inmate? (last visited July 25, 2018).

[2] The $400 filing fee consists of a $350 base fee and a $50 administrative fee. Pursuant to the court's Schedule of Fees, the $50 administrative fee does not apply to prisoners granted IFP status under 28 U.S.C. § 1915. Thus, prisoners granted IFP status are only required to pay the $350 base fee.

court with a prisoner's IFP application: (1) a financial certificate signed by an authorized officer of the institution in which he or she is incarcerated,[3] (2) a copy of his or her inmate trust account statement for the six-month period prior to filing,[4] and (3) a signed financial affidavit showing an inability to prepay fees and costs or give security for them.[5]

Mr. Battey's request for discovery is premature unless and until he pays the filing fees or files an application to proceed *in forma pauperis*, and he receives leave of court to proceed *in forma pauperis* (meaning the court finds he qualifies for *in forma pauperis* status), and the court screens his complaint and determines that it states a claim on which relief may be granted. Thus, the Motion for Discovery (ECF No. 3) is denied.

In addition, the court notes that Mr. Battey has previously initiated two actions based on the same events alleged in his proposed complaint. *See Battey v. State of Nevada*, Case No. 2:13-cv-00537-APG-CWH; *Battey v. Spurling*, Case No. 2:14-cv-00898-JAD-CWH. In both actions, the district judges adopted the magistrate judge's findings and recommendation and dismissed the cases with prejudice. As a result, Battey must submit a statement to the court explaining how this action raises different claims and issues and is not precluded by the final determinations in the two previous cases.

Accordingly,

**IT IS ORDERED:**

1. The Clerk of Court shall RETAIN Plaintiff Wesley S. Battey Jr.'s complaint, but ***SHALL NOT*** issue summons.

---

[3] Local Special Rule 1-2 states that a prisoner:
> must simultaneously submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application. If the applicant has been at the institution for fewer than six months, the certificate must show the account's activity for this shortened period.

[4] Section 1915(a)(2) requires a prisoner to "*submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint*, which the prisoner must obtain "from the appropriate official of each prison at which the prisoner is or was confined." (emphasis added).

[5] Section 1915(a)(1) states that a prisoner must submit "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor."

2. The Clerk of the Court is instructed to MAIL Mr. Battey a blank form Application to Proceed *in Forma Pauperis* for incarcerated litigants with instructions at the following current address:
Wesley S. Battey Jr., ID # 1829902
City of Las Vegas Detention Center
3300 Stewart Ave.
Las Vegas, Nevada 89101

3. Mr. Battey must file an IFP application on or before **September 19, 2018**, accompanied by (i) a financial certificate executed and signed by the plaintiff and an authorized prison official, (ii) a financial acknowledgement executed and signed by the plaintiff, and (iii) a statement of his inmate trust account for the six-month period prior to filing.

4. Alternatively, Battey shall pay the $400 filing fee, accompanied by a copy of this Order, on or before **September 19, 2018**.

5. Mr. Battey's failure to comply with this Order on or before **September 19, 2018**, by (a) submitting an IFP application or paying the filing fee, *and* (b) submitting a statement to the court explaining how this action raises different claims and issues and is not precluded by the final determinations in the two previous cases, will result in a recommendation to the district judge that this case be dismissed.

6. Mr. Battey's Motion for Discovery (ECF No. 3) is DENIED.

Dated this 20th day of August, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE